# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3511 | **DATE** | 06/01/2011 |
| **CASE TITLE** | John A. Cumbee (B-45021) v. Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $12.12 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk is directed to send a copy of this order to the trust fund officer at Stateville Correctional Center. The Clerk shall also issue summonses for the Defendants and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff, John A. Cumbee, an inmate at Stateville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

    Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $12.12. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

    Plaintiff alleges that he has been incarcerated at Stateville since October of 2003. Plaintiff informed the intake doctor when he entered Stateville about a shoulder injury he received at McHenry County Jail that was causing him great pain. Plaintiff first saw Dr. Ghosh on January 7, 2005, about his shoulder. Without any diagnostic testing, Dr. Ghosh referred Plaintiff for physical therapy. After the physical therapy did not correct the pain, Plaintiff attempted to receive more medical treatment. On January 10, 2008, Plaintiff received surgery for his shoulder injury.

    On November 7, 2008, following post-surgery physical therapy, Dr. Ghosh observed that Plaintiff's shoulder was weaker and sagging with a decreased range of motion. Plaintiff was referred back to hospital for evaluation and treatment. Following delayed evaluation at the hospital, Plaintiff's attempts to receive additional medical care for his shoulder went unanswered by the Defendants. Eventually, on October 4, 2010, Plaintiff had a second surgery on his

|   | JJD |
|---|---|

| STATEMENT |
|---|

shoulder. Plaintiff alleges that the extensive delays in his medical care caused permanent injury to his shoulder. He further alleges that the Defendants were either directly involved in his medical care and/or knew of the issues he was having with his medical care and failed to take any corrective action. The Defendants must respond to the complaint.

The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

As to service on Dr. Ghosh, the Marshal Service is requested to serve Defendant Ghosh at the addresses provided to the Marshal Service by the Defendant's counsel (in previous cases). The Marshal Service is instructed to keep Defendant Ghosh's address information private and should not file it in the Court record. The Return of Service should simply state whether Defendant has been served at his last known address.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff has also filed a motion for appointment of counsel. Plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v.* Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering these factors, the Court concludes that appointment of counsel is not warranted. While Plaintiff avers that he has made reasonable efforts to retain private counsel, he has not alleged a physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice. If plaintiff's complaint survives a motion to dismiss, he may at that time renew his request for appointment of counsel.