# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3511 | **DATE** | 4/5/2012 |
| **CASE TITLE** | Cumbee vs. Hardy | | |

**DOCKET ENTRY TEXT**

Defendant Wexford Health Sources's motion to dismiss [48] is granted without prejudice. The plaintiff may file an amended complaint if desired; counsel should be prepared to address the issue at the 4/17/2012 status hearing. Status hearing set for 4/17/2012 at 9:30AM.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff John Cumbee brings suit under 42 U.S.C. § 1983, alleging that Dr. Ghosh, Dr. Goldberg, Warden Hardy and Wexford Health Services ("Wexford") violated his Eighth Amendment rights by denying him adequate medical treatment. The individual plaintiffs previously filed motions to dismiss, and the court dismissed Warden Hardy from the case while allowing Cumbee to proceed against both doctors. Wexford now seeks dismissal on its own behalf, arguing that the complaint fails to allege any unconstitutional policy or custom as required for corporate liability. Cumbee responds that he has alleged, "with great specificity, act after act of deliberate indifference . . . on the part of several Wexford medical officials." (*See* Resp. at 3.) According to Cumbee, this suffices to show that Wexford "engaged in a series of bad acts so systemic and uniformly implemented that it constitutes a corporate custom or policy." (*Id.* at 7.) This court disagrees, and grants the motion.

Both parties concur that a corporate entity acting under color of law may be liable under § 1983 when the "execution of a . . . policy or custom . . . inflicts the [constitutional] injury." *Estate of Novack ex rel. Turbin v. Cnty. of Wood*, 226 F.3d 525, 530 (7th Cir. 2000) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)) (internal quotation marks omitted). Cumbee did not expressly allege the existence of any such policy or custom, but he does not have to: he may also proceed by adequately alleging "a series of bad acts and inviting the court to infer from them that the policymaking level of [the corporation] was bound to have noticed what was going on and by failing to do anything must have encouraged or at least condoned, thus in either event adopting, the misconduct of subordinate officers." *Id.* (quoting *Jackson v. Marion Cnty.*, 66 F.3d 151, 152 (7th Cir. 1995)) (internal quotation marks omitted).

While Cumbee's complaint indicates that he went to great lengths to report his condition and to seek treatment, at present it does not sufficiently allege a series of bad acts that would permit the court to infer that the policymakers must have condoned his treatment. In particular, Cumbee's allegations address only his own

| STATEMENT |
|---|

attempts to obtain treatment; he does not point to any other inmate's experience. *See Jones v. Feinerman*, No. 09 C 3916, 2011 WL 4501405, at *6 (N.D. Ill. Sept. 28, 2011) ("In this case, Jones's allegations are insufficient, because they are limited only to him, and do not represent a pattern of deliberate indifference to multiple inmates across the facilities where he was incarcerated."); *Smith v. Sangamon Cnty. Sheriff's Dept.*, No. 07-CV-3150, 2011 WL 1238917, at **3-4 (C.D. Ill. Mar 29, 2011) ("Smith relies only on his own experience in the maximum security cell blocks at the Jail. His experience, alone, is insufficient in this case to establish that the policy created a patently obvious risk of harm necessary to impose liability on the Department."); *Ritz v. Lake Cnty., Ill.*, No. 08 C 5026, 2010 WL 2025392, at **3-6 (N.D. Ill. May 21, 2010) ("[A] custom or policy cannot be established based on the experience of a single inmate. Instead, there must be allegations that a policy was persistent and widespread.") (citations omitted). To be clear, the court does not mean to set out a categorical rule; it may be possible for Cumbee to establish a pattern even if he continues to limits his allegations to his individual treatment. *See Jones*, 2011 WL 4501405, at *6 (recognizing that "[t]here might be other cases where a policy may be sufficiently alleged as a pattern even though it is applicable to only one or a handful of inmates"). But the court was unable to locate any caselaw to support such a proposition, and certainly the complaint as drafted does not set out allegations sufficient to establish any pattern, much less one so systemic and uniform that this court could infer Wexford had adopted or condoned the alleged constitutional violation.

At present, Cumbee's complaint fails to state a claim against Wexford. Thus, the motion to dismiss is granted without prejudice. The court grants Cumbee leave to file an amended complaint; counsel should be prepared to address the issue at the 4/17/2012 status hearing.